

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MRM:CPK
F. #2023R00468

*610 Federal Plaza*
*Central Islip, New York 11722*

July 12, 2024

<u>By ECF</u>
Honorable Gary R. Brown
United States District Court Judge
United States District Court
Eastern District of New York
940 Federal Plaza
Central Islip, New York 11722

   Re: United States v. Daniel Colucci
      <u>Criminal Docket No. 23-417 (GRB)</u>

Dear Judge Brown:

  The government submits this letter regarding the sentencing of defendant Daniel Colucci which is scheduled for July 19, 2024. On December 15, 2023, defendant pled to the entire indictment consisting of twelve counts of willful failure to collect or pay over tax pursuant to Title 26, United States Code, Section 7202. There is no plea agreement and, accordingly, no agreement on restitution or the sentencing guidelines and no coverage for other crimes. The Presentence Investigation Report ("PSR") states that the maximum term of imprisonment is five years and the guideline calculation yields a total offense level of 15 and a guideline imprisonment range of 18-24 months. PSR at ¶¶ 68-69.[1] For the reasons set forth below, the government respectfully requests that the Court impose a sentence of 15 months' imprisonment, coupled with at least $554,241 in restitution and a fine of $120,000.

  First, based on defendant's conviction of twelve felonies, his long-running tax fraud scheme and his treatment of employees in connection with these crimes but acknowledging his recent illness,[2] the government recommends a below guideline sentence of 15 months' imprisonment. Such a sentence, coupled with the substantial fine described below, will serve the sentencing goals of just punishment, general and specific deterrence, and to promote respect for the law. Second, as discussed below, the government recommends, and the Court should impose

---

 [1] The Probation Department's Sentence Recommendation recommends a sentence of time served, restitution of $803,241, a fine of $7,500 and two years' supervised release.

 [2] Regarding defendant's health, his current physical conditions are treatable within the Bureau of Prisons and do not require a non-incarceratory sentence.

restitution in the amount of $554,241.  Third, the government recommends a fine of $120,000.  This fine would amount to $10,000 for each count of conviction and would further help to achieve sentencing goals set forth by Congress in Title 18, United States Code, Section 3553(a).

Here, the defendant's crimes, i.e., violations of 26 U.S.C. § 7202, are different from other tax crimes in that the conduct impacts other people, namely employees.  When an employer withholds wages from an employee for social security and federal income taxes but fails to remit them to the government, the employee is harmed as both their income tax returns records and social security records are impacted.  In the course of the years committing his crimes, defendant compounded that harm to employees by his conduct.

During the course of his crimes, the defendant lied to many employees who advised him of problems with the IRS or social security due to his non-payment of taxes withheld from their pay.  This is discussed briefly in the PSR at ¶¶ 7-8.  In fact, the investigation of this case started because of a complaint filed by an employee of defendant with the Nassau County District Attorney's Office.  According to this employee, she received a deficiency letter from the IRS for certain monies withheld from her pay in 2019 by defendant but never forwarded to the IRS.  This employee then contacted SSA who indicated she was listed as unemployed since 2015.  Defendant referred her to his accountant who would not respond.  This employee then had to prove to SSA that she had been employed by defendant during this period by sending copies of employment documents.

In furtherance of his criminal scheme, this defendant continually lied to employees to cover his criminal conduct, to one he falsely told her "all was paid" – to another employee, defendant said that he was in the process of dropping off the forms to SSA which was not true and that employee eventually submitted the documents to SSA on her own - another employee found out SSA had not received the forms and defendant lied and blamed his accountant and sent her to him which was not helpful and the employee dealt with SSA on her own.   In addition, in a striking irony, during this time, defendant applied for, and received, a Paycheck Protection Program ("PPP") loan of $200,000 using an unfiled payroll document.  Nevertheless, defendant, despite having ample funds to do so, still failed to pay the employees' withholdings until the IRS criminal investigation became known.

Regarding restitution, the amount of $803,241 recommended in the PSR is equitable as it includes defendant's matching share of employees withheld payroll taxes.  However, the government does not believe the case of United States v. Bok, 156 F.3d 157 (2d Cir. 1998), cited by the Probation Department in the PSR (§§ 11, 79, 83) and in support of their recommendation (page 1), supports this amount.  Bok stands for the proposition that 18 U.S.C. § 3563 permits the court to impose restitution as a special condition of probation for offenses in which restitution is not possible under 18 U.S.C. §§ 3663 or 3663A.  The court still must conform with the other aspects of the restitution statutes (namely, barring agreement of the parties, restitution is only available for offenses of conviction, not relevant conduct).

The amount recommended by Probation ($803,241) includes the employer's portion of social security and medicare, approximately $250,000 in this case. While it is the government's position that, absent agreement, the law does not mandate this additional sum be imposed as restitution.  Obviously, it would be equitable for defendant to agree to pay what he

owes and there can be no dispute the amount is due and owing. Nor can there be any dispute as to its relevance to this prosecution, as it is relevant conduct. Accordingly, this Court can and should consider the defendant's failure to pay his owed share when it determines the sentence it ultimately imposes.

For the foregoing reasons, based on defendant's conviction of twelve felonies, the government requests that this Court impose a sentence of 15 months' imprisonment, a fine of $120,000, restitution of $554,241, two years of supervised release and a special assessment of $1,200.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   */s/ Charles P. Kelly*
Charles P. Kelly
Assistant U.S. Attorney
(631) 715-7866

cc: Richard Kestenbaum, Esq. (via ECF)

---

The United States thanks law clerk Michael Nadeau, a third year law student at George Mason University, for his significant contributions to this sentencing letter.